Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Paina Apua Moeai | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | Alena Apaula Moeai | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH | |
| Case number: | | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan                                                                                      12/17

## Part 1: Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

$540.00 per Month for 36 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | Paina Apua Moeai | Case number | |
|---|---|---|---|
| | Alena Apaula Moeai | | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
The following tax years are proposed to be contributed: **2019, 2020, and 2021**. On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed.

The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors.

The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000. However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

For the first tax year contribution of **2019**, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount. If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee. The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund. If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e). If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case. The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>32,400.00</u>.**

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Debtor | Paina Apua Moeai | | Case number | |
| --- | --- | --- | --- | --- |
| | Alena Apaula Moeai | | | |

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
| --- | --- | --- | --- | --- | --- |
| Arivo Acceptance | 2018 Mitsubishi Outlander 11,000 miles | $21,511.00 | 6.50% | $483.86<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $24,676.62 |

*Insert additional claims as needed.*

**3.4** **Lien avoidance.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10.00% of plan payments; and during the plan term, they are estimated to total $3,240.00.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,735.00.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be $0.00

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $0.00.
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor | Paina Apua Moeai | Case number |
| | Alena Apaula Moeai | |

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one*.

☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐ plan confirmation.
☐ entry of discharge.
☑ other:    See Part 8.1

### Part 8:    Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
(a) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.
(b) Pursuant to §1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment Period for this case is 3 years. Therefore, Plan payments shall be made for the following period: Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan.
(c) Secured Creditor(s) shall be paid Adequate Protection amounts according to the attached Form 2083-1-C, Notice of Adequate Protection Payments:
   1. Arivo Acceptance, found in Part 3.3 of the Plan
(d) Property of the Estate shall revest in the debtor upon discharge, dismissal, completion of the chapter 13 plan, or other Order of the Court.  During the pendency of the plan confirmed herein, all property of the estate, as defined in §1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court.
(e) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 of Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0 % per annum if no interest rate is specified in the proof of claim. Interest will run from the confirmation date. For purposes of this paragraph, a taxing authority is defined as a governmental entity with statutory authority to levy or lien, through which the governmental entity obtains secured status. This includes, but is not limited to, any offices of the State of Utah.
(f) Any creditor listed in Part 3.4 of the Plan shall retain its lien securing such claim until the earlier of (A) payment of the underlying debt determined under nonbankruptcy law, (B) discharge of the underlying debt under §1328 or completion of the plan, at which time the lien will terminate and be released by the creditor, or (C) entry of an order granting a separate motion filed by the debtor seeking release of the lien for cause under §349(b).

### Part 9:    Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X  /s/ Paina Apua Moeai                              X  /s/ Alena Apaula Moeai
Paina Apua Moeai                                        Alena Apaula Moeai
Signature of Debtor 1                                   Signature of Debtor 2

| Debtor | Paina Apua Moeai | Case number | |
| --- | --- | --- | --- |
| | Alena Apaula Moeai | | |

| Executed on | October 30, 2019 | Executed on | October 30, 2019 |
| --- | --- | --- | --- |

X  /s/ Michael J. Watton                    Date  October 30, 2019
Michael J. Watton
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | Paina Apua Moeai | Case number | |
|---|---|---|---|
| | Alena Apaula Moeai | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $24,676.62 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $6,975.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $748.38 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*   + | $0.00 |
| | **Total of lines a through j** | $32,400.00 |

Michael J. Watton (15808)
Michael J. Reed (15717)
Watton Law Group
301 West Wisconsin Avenue, Fifth Floor
Milwaukee, WI 53203
Tel: 801-363-0130
Fax: 801-363-0891
Email: wlgslc@wattongroup.com
Attorneys for the Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: Paina Apua Moeai<br>Alena Apaula Moeai<br><br>Debtors. | Case No.<br><br>Chapter 13<br><br>Hon. |
| **NOTICE OF ADEQUATE PROTECTION PAYMENTS<br>UNDER 11 U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT** | |

The Debtor states as follows:

1. On October 30, 2019, the Debtor filed a Chapter 13 petition for relief.

2. The Debtor proposes to make Adequate Protection Payments, pursuant to § 1326(a)(1)(C), accruing with the initial plan payment, which is due no later than the originally scheduled Meeting of Creditors under § 341, and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amount specified below:

| Secured Creditor | Description of Collateral | Monthly Adequate Protection Payment Amount | Number of Months to Pay Adequate Protection |
|---|---|---|---|
| Arivo Acceptance | 2018 Mitsubishi Outlander | $210.00 | 6 |

3. The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4. Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor or otherwise ordered by the Court.

6. Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated: October 30, 2019

    Watton Law Group

    /s/ Michael J. Watton
    Michael J. Watton
    Michael J. Reed
    Attorneys for the Debtors